**IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE**

ROBERT C. DANIELS,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff/Appellant,　　　　　)　　　　Appeal No.
　　　　　　　　　　　　　　　　　　)　　　　01-A-01-9707-CH-00297
　　　　　　　　　　　　　　　　　　)
VS.　　　　　　　　　　　　　　　　)　　　　Davidson Chancery
　　　　　　　　　　　　　　　　　　)　　　　No. 96-1814-III
　　　　　　　　　　　　　　　　　　)
CHARLES TRAUGHBER, Chairman,　)
TENNESSEE BOARD OF PAROLES,　)
ET AL.,　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Defendants/Appellees.　　　)

**FILED**

**May 6, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

## CONCURRING OPINION

I concur with the decision to affirm the trial court's order. In my view, it is simply a case of statutory application. In the "Open Parole Hearings Act" of 1993 the legislature provided that the Parole Board shall receive and consider victim impact statements, Tenn. Code Ann. § 40-28-504(a); that notice be given to the victim or the victim's representative and to the trial judge and district attorney involved in the original criminal prosecution, Tenn. Code Ann. § 40-28-505(b)(1), (2) and (4); and that on a failure to provide the required notices, the Board may schedule a new hearing if the Board receives a written victim impact statement within fifteen days of the time the parole decision is finalized, Tenn. Code Ann. § 40-28-505(d)(2).

The facts of this case fit the statute almost perfectly. I believe the Board was justified in scheduling the second hearing and in considering the feelings of the victim's family. I believe that is what the legislature intended for the Board to do.

_____
BEN H. CANTRELL, JUDGE